UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
GREAT AMERICAN INSURANCE :
COMPANY,
: Civil Action No: 19-cv-1055
Plaintiff,
:
-against-
:
HOULIHAN LAWRENCE INC.,
:
Defendant.
:
------------------------------------------------------- X

# MEMO ENDORSEMENT

**PLAINTIFF GREAT AMERICAN INSURANCE COMPANY'S**
**MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION TO STAY**

Ropers Majeski PC
750 Third Avenue, 25th Floor
New York, NY 10017
(212) 668-5927

4818-5273-6216.7

# I.
# PRELIMINARY STATEMENT

Plaintiff Great American Insurance Company ("GAIC") respectfully submits its memorandum of law in support of an Order staying this case pending the disposition of the underlying lawsuit styled *Goldstein, et. al. v. Houlihan Lawrence, Inc.*, ("Underlying Action") pending in the New York State Supreme Court, Westchester County, Index No. 60767/2018.

As this Court is aware, GAIC brought this action for a declaratory judgment seeking a declaration that GAIC has no obligation to provide insurance coverage (defense or indemnification) to Houlihan Lawrence, Inc ("Houlihan") under a Real Estate Professional Liability Insurance Policy in connection with the Underlying Action. In the Underlying Action, the putative class action plaintiffs asserted claims for breach of fiduciary duty, unjust enrichment, and violations of New York Real Property Law § 443 and New York General Business Law ("GBL") § 349. *Great Am. Ins. Co. v. Houlihan Lawrence, Inc.*, 449 F. Supp. 3d 354, 360 (S.D.N.Y. 2020) (citing underlying First Amended Complaint ("FAC"), ¶¶ 334–56.)[1]

Following the filing of the complaint and answer, both GAIC and Houlihan filed cross-motions for judgment on the pleadings. On March 27, 2020 this Court issued its Opinion and Order denying GAIC's motion in full and granting Houlihan's motion in part. *Id*. (ECF Dkt. No. 40, "Opinion and Order"). Specifically, the court held that Houlihan is entitled to independent legal counsel with reasonable defense costs to be paid by GAIC, but declined to rule on the issue of GAIC's duty to indemnify Houlihan based upon the pending outcome in the Underlying Action (ECF Dkt. No. 40, pp. 28-29).

---

[1]  On April 8, 2018, the Supreme Court of the State of New York, County of Westchester, dismissed the underlying plaintiffs' unjust enrichment claim, as well as their claim under New York Real Property Law § 443. *Id*.

4818-5273-6216.7

Since this court issued its Opinion and Order, GAIC and Houlihan have worked productively together to facilitate the timely payment of defense costs and work towards a resolution of the lawsuit. Because of this cooperation, the monthly conferences with the Court have been continuously scheduled and then either adjourned, or held where the only topic is the status of invoice review and payment by GAIC. GAIC does not believe that this is not an efficient or a proper use of the Court's and parties' time and resources.

In addition, as the issue of indemnification is directly tied to the Underlying Action, the continuing pending nature of the Underlying Actions prevents any progress in this case being made on indemnification.

Accordingly, in the interest of judicial time and resources, GAIC–in cooperation with the Defendant[2]—now moves to stay proceedings until the Underlying Action is resolved and the issue of indemnification can be decided.

## II.
## FACTUAL BACKGROUND

In the interest of judicial economy, GAIC does not provide a full recitation of the facts as this has already been briefed before the Court and instead focuses on the relevant facts to GAIC's motion to stay.

Following the March 2020 Opinion and Order, the Court initially set a conference for May 5, 2020. (ECF Dkt. No. 40, 41). Both parties appeared telephonically and a follow up conference was set for June 5, 2020. (ECF Dkt. No. 41, May 5, 2020). One again, both parties appeared for the June 5th conference telephonically and a follow up conference was scheduled for July 2, 2020. (ECF Dkt. No. 45). Following both parties appearing for the July 2, 2020 conference, the Court

---

[2] Counsel for GAIC is filing this motion in cooperation with Defendant and counsel for Defendant has reviewed and approved the filing of the Motion to Stay.

4818-5273-6216.7

requested a written status report from the parties. On July 23, 2020, GAIC wrote to the Court on behalf of the parties to inform the Court that the parties were making progress on settlement discussions and requested a compliance conference for the end of August 2020. (ECF Dkt. No. 46). The Court endorsed the letter and granted the request for a compliance conference for August 20, 2020. (ECF Dkt. No. 47). Based upon the progress of settlement talks and cooperation in paying defense costs, GAIC wrote to the Court requesting adjournment of the August 20, 2020 compliance conference. (ECF Dkt. No. 49.) The Court granted the request and adjourned the conference to October 2, 2020. (ECF Dkt. No. 50.)

This pattern has continued to the present day with the following three conferences either being adjourned or a brief conference call taking place to report to the Court that settlement talks are ongoing, cooperation between the parties on the payment of defense costs continues and that there are no further updates. (ECF Dkt. Nos. 52-56.)

GAIC made its first payment of defense costs on November 20, 2020 and a second payment on February 5, 2021. Both GAIC and Houlihan have reserved rights with respect to the payment and acceptance of defense costs, respectively. GAIC has agreed to continue reviewing and processing defense costs for payment on an ongoing basis, even if this matter is stayed. As a result, Houlihan does not object to a stay of this lawsuit, but reserves the right to seek to lift the stay at any time. Further, the parties have agreed to submit letters every 60 days during the stay advising the Court on the status of the underlying case and the processing and payment of defense costs by GAIC.

## III.
## LEGAL ARGUMENT

A. **GREAT AMERICA'S MOTION TO STAY IS WARRANTED**

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its own docket with economy of time and effort for itself, for counsel, and for litigants." *LaSala v. Needham & Co., Inc.*, 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005) (quoting *Landis v. N. Am. Co.,* 299 U.S. 248, 254, 57 S. Ct. 163 (1936)).

A court's inherent power to stay should be exercised in such a manner as to "conserve scarce judicial resources and promote the efficient and comprehensive disposition of cases." *Howard v. Klynveld Peat Marwick Goerdeler*, 977 F. Supp. 654, 664 (S.D.N.Y. 1997), *aff'd*, 173 F.3d 844 (2d Cir. 1999); 13B Charles A. Wright, et al., *Federal Practice & Procedure* § 3533.2 (2009) ("[A] court may stay proceedings if the parties are working toward settlement, or if the parties have agreed but the settlement requires approval by someone else").

As set forth above, whether GAIC is required to ultimately required to indemnify Houlihan in connection with any damages incurred in the Underlying Action cannot be resolved until the Underlying Action is resolved. As this Court stated in its Opinion and Order, ruling on indemnification is not ripe while the Underlying Action is pending, and the Underlying Action is currently still pending. (ECF Dkt. No. 40, pp. 28- 29.) In addition, the parties continue to work cooperatively towards a settlement and any outstanding issues in connection with the payment of defense costs. GAIC represents that it will continue to review, process and pay all covered defense costs submitted by Houlihan. As such, there is nothing either party can do before the Court to move this lawsuit along. In the event there is a development and/or a ruling in the Underlying Action that impacts the indemnification issue, GAIC will inform the Court as soon as possible.

Accordingly, a stay is appropriate here not only to conserve the parties' and Court's time and resources, but also, to allow the parties to continue to work towards a potential settlement.

B. **ADDITIONAL FACTORS REQUIRE A STAY OF THIS MATTER**

In addition, when determining whether to grant a stay, courts in the Second Circuit may also consider five additional factors:

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*See Catskill Mountains Chapter of Trout Unlimited, Inc. v. U.S. E.P.A.*, 630 F. Supp. 2d 295, 304 (S.D.N.Y. 2009). The underlying goal in evaluating these factors is to avoid prejudice. *Id*. when applying these factors to this lawsuit, it is clear that a stay is warranted.

First, GAIC, the Plaintiff, is requesting the stay and will not be prejudiced in any manner. Second, Houlihan's private interests and burdens will not be impacted by a stay. Houlihan is receiving payments from GAIC for its defense costs and staying the proceeding while the Underlying Action is resolved does not increase the burden on Houlihan. Third, as set forth above, following the March 2020 Opinion and Order, this Court's resources have been wasted by having to hold either monthly conferences that provide the same updates or respond to requests for adjournments. This pattern will continue until the Underlying Action is resolved. Fourth, as GAIC continues to pay defense costs and await a ruling in the Underlying Action in order to allow for this Court to decide the issue of indemnification, no interests of third-parties who are not named parties to this litigation will be affected. Finally, by staying this matter, public interest will be served by freeing up judicial resources. *See Catskill Mountains*, 630 F. Supp. at 306 ("By conserving judicial resources, a stay will serve not only the interest of the courts, but also the

interests of the Parties, the nonparties, and the public in an orderly and efficient use of judicial resources.").

Accordingly, for the reasons set forth above GAIC respectfully requests that this Court grant its motion to stay this matter.

## IV.
## CONCLUSION

As set forth above, GAIC respectfully requests that this Court grant its motion to stay this matter.

Dated: New York, New York.
February 22, 20201

ROPERS MAJESKI PC

By: _____
ERIC C. WEISSMAN
MICHAEL W. JACOBSON
*Attorneys for Plaintiff*
GREAT AMERICAN INSURANCE COMPANY
750 Third Avenue, 25th Floor
New York, NY  10017
(212) 668-5927

The Court grants the Joint Motion To Stay.

White Plains, NY
February 24, 2021

SO ORDERED
KENNETH M. KARAS U.S.D.J.

To:   All Counsel of Record via ECF

4818-5273-6216.7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
GREAT AMERICAN INSURANCE
COMPANY,

      Plaintiff,

 -against-

HOULIHAN LAWRENCE INC.,

      Defendant.
------------------------------------------------------- X

Civil Action No: 19-cv-1055

**NOTICE OF MOTION**

**PLEASE TAKE NOTICE** that on the 30 day of March 2021, or as soon thereafter as counsel can be heard, Plaintiff Great American Insurance Company, by its undersigned attorneys, will move before the Honorable Kenneth M. Karas, United States District Judge, United States District Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10601-4150, for an Order staying this case pending the disposition of the underlying lawsuit styled *Goldstein, et. al. v. Houlihan Lawrence, Inc*., pending in the New York State Supreme Court, Westchester County, Index No. 60767/2018, and granting Plaintiff such other and further relief as the Court may deem just and proper.

Dated: New York, New York.
       February 22, 2021

ROPERS MAJESKI PC

By:_____
    ERIC C. WEISSMAN
    MICHAEL W. JACOBSON
*Attorneys for Plaintiff*
GREAT AMERICAN INSURANCE COMPANY
750 Third Avenue, 25th Floor
New York, NY 10017
(212) 668-5927

To:    All Counsel of Record via ECF

4832-7502-5048.1